Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 22 2005

at \_\_\_ o'clock and \_\_\_ min. \_\_ M
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

U.S.A. vs. RANDY L. JAY                    Docket No. CR 05-00111-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW ALYSA K. MAKAHANALOA, PROBATION OFFICER ASSISTANT OF THE COURT, presenting an official report upon the conduct and attitude of Randy L. Jay who was placed on supervision by the Honorable Leslie E. Kobayashi sitting in the Court at Honolulu, Hawaii, on the 25th day of May 2005, who fixed the period of supervision at 6 months and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant perform 100 hours of community service as directed by the Probation Office. Upon verification by the U.S. Probation Office that the defendant satisfactorily performed 100 hours of community service, supervised release will terminate.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. The subject failed to complete 100 hours of community service, in violation of Special Condition No. 1.

2. The subject failed to follow the instructions of the Probation Officer, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a No Bail warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   12/21/05

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a No Bail warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 21st day of December, 2005, and ordered filed and made a part of the records in the above case.

KEVIN S.C. CHANG
U.S. Magistrate Judge

Re:   JAY, Randy L.
      Criminal No. CR 05-00111-01
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 5/25/2005, the subject pled guilty to Theft and was sentenced to a term of three (3) days incarceration and six (6) months supervised release. He surrendered for service of his custodial sentence on 6/23/2005 and was subsequently released from custody on 6/24/2005 to begin his term of supervised release. On 6/30/2005, the subject reported to the Probation Office and was processed for supervision. At that time, the terms and conditions of supervision were read, reviewed, and explained by this officer. The subject reported that he was a recovering heroin addict and was on methadone treatment through the Comprehensive Health and Attitude Management Program (CHAMP). Methadone is administered by CHAMP as a legal treatment for heroin/morphine addiction. Since the subject had no substance abuse treatment condition and the mandatory drug testing condition was waived at sentencing, the subject was presented with a waiver to modify his conditions of supervision to allow our office to monitor and direct his substance abuse treatment. The subject refused to agree to this modification. As a result, no further action was taken by our office.

**Violation No. 1 - The Subject Failed to Complete 100 Hours of Community Service and Violation No. 2 - The Subject Failed to Follow the Instructions of the Probation Officer:** On 6/28/2005, the subject was referred to the Adult/Juvenile Community Service & Restitution Unit (A/JCSRU) to complete his community service hours. He was scheduled to meet with a case worker at A/JCSRU on 7/22/2005 to arrange for community service placement. On 8/17/2005, the subject contacted the undersigned and reported that he missed his appointment at A/JCSRU because he was involved in a vehicle accident. He was subsequently instructed to contact A/JCSRU and immediately schedule another appointment. The subject was warned that if he fails to report to A/JCSRU, he will possibly be terminated from the program and adverse action may follow. Additionally, the subject was instructed to report to the Probation Office on 8/25/2005 to submit his delinquent monthly supervision reports for the months of June and July 2005.

On 8/25/2005, the subject failed to report to the undersigned to submit his monthly supervision reports. The subject was verbally reprimanded and instructed to report to the undersigned on 8/26/2005 with the delinquent reports. The subject again failed to report to the undersigned. He left a voicemail message for the undersigned stating that he had food poisoning and would submit his monthly supervision reports on 8/29/2005. On 8/29/2005, the subject submitted his delinquent reports. He also submitted two notes from a doctor stating that he was involved in a vehicle accident in July 2005 and that he suffered from food poisoning on 8/26/2005. When questioned, the subject noted that his next appointment for A/JCSRU was scheduled for 9/17/2005.

Re:   JAY, Randy L.
      Criminal No. CR 05-00111-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2

On 9/16/2005, the subject contacted the undersigned and stated that he was given the wrong appointment date by his A/JCSRU case worker. He was supposed to report to A/JCSRU on 9/12/2005. Thereafter, the undersigned contacted the subject's case worker at A/JCSRU and discovered that the subject was instructed to report to her office on 9/12/2005. He failed to report for his appointment on 9/12/2005. The subject's appointment was rescheduled for 10/3/2005.

On 10/4/2005, the undersigned contacted the subject and asked if he had reported for his appointment at A/JCSRU. The subject stated that his case worker contacted him and rescheduled his appointment for 11/3/2005. The undersigned then contacted the subject's case worker. The case worker reported that on 10/3/2005, the subject contacted her and stated that he could not find transportation to her office; therefore, his appointment was rescheduled for 11/3/2005. The subject subsequently failed to report for the appointment on 11/3/2005. He was instructed to report to A/JCSRU on 11/9/2005.

On 11/10/2005, the subject's case worker contacted the undersigned and reported that the subject was unable to report to her office on 11/9/2005 because he had a doctor's appointment. He was instructed to report to A/JCSRU on 11/14/2005.

On 11/14/2005, the subject finally reported to the A/JCSRU and was referred to the Ala Moana Beach Park Task Force to complete his 100 hours of community service. He was instructed to report to Ala Moana Beach Park on 11/21/2005. On 11/30/2005, the undersigned contacted the subject's case worker at A/JCSRU. She reported that the subject failed to report to Ala Moana Beach Park. As a result, the subject was unsuccessfully discharged from the A/JCSRU program.

Thereafter, numerous phone messages were left on the subject's cellular and home phone from the undersigned and Supervising U.S. Probation Officer Timothy Jenkins. The subject's attorney was also advised of the subject's violations and our inability to reach him. The subject's attorney was also reportedly unsuccessful in contacting the subject.

Despite the tolerance that the Probation Office has shown regarding the completion of community service hours, the subject has failed to comply with this special condition. The subject's failure to follow the directions of the probation officer and unsuccessful discharge from the A/JCSRU program indicates that he is unwilling to comply with the Court's order.

Re:   JAY, Randy L.
      Criminal No. CR 05-00111-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

The subject's repeated failures to report for community service and failure to respond to any phone calls by the Probation Office and Federal Public Defender's office suggests the subject can not be counted on to follow reporting instructions. As a result, the subject is deemed a risk of nonappearance. It is respectfully recommended that the Court issue a No Bail warrant for the subject's appearance before the Court to show cause why his supervised release should not be revoked.

Respectfully submitted by,

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

AKM/ct

Re:   JAY, Randy L.
      Criminal No. CR 05-00111-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant allow the U.S. Probation Office, consistent with the opinion of the treatment provider, to monitor and direct the defendant to participate in abstinence methods of substance abuse treatment instead of those that use medication such as methadone as a treatment tool.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: RANDY L. JAY
Address: 47-337 Kuikoloa Place
Kaneohe, Hawaii 96744

Docket No. CR 05-00111-01

    Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Leslie E. Kobayashi, U.S. Magistrate Judge for the District of Hawaii. The defendant's term of supervision is for a period of 6 months commencing upon release from confinement.

    While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

    If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[X]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1) The defendant shall perform 100 hours of community service as directed by the Probation Office. Upon verification by the U.S. Probation Office that defendant has satisfactorily performed 100 hours of community service, supervised release will terminate.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   6/30/05
RANDY L. JAY, Defendant                    6/06/05
                                           Date

_____           6/30/05
ALYSA K. MAKAHANALOA                       6/6/05
U.S. Probation Officer Assistant           Date